UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PLACER MINING CORPORATION, a Nevada Corporation, | Case No. 2:18-cv-203-BLW |
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| ATLAS MINING GROUP, LLC, a Colorado Limited Liability Company; KELLY HOLDINGS, LLC, a California Limited Liability Company, | |
| Defendants. | |
| And | |
| BUNKER HILL VENTURES, LLC, an Idaho Limited Liability Company, | |
| Nominal Defendant | |

## INTRODUCTION

The Court has before it a motion to dismiss. The motion is fully briefed and at issue. For the reasons expressed below, the motion will be denied.

## LITIGATION BACKGROUND

Plaintiff Placer Mining Corporation owns and operates the Bunker Hill Mine in Kellogg, Idaho. It entered into an agreement with defendants Atlas and Kelly Holdings to create a limited liability company called Bunker Hill Ventures (BHV) to construct a mill that could extract gold from ore tailings at the Bunker Hill Mine. Each of the

founders would own one-third of BHV.  Placer agreed to contribute the ore and mill

equipment, while Atlas and Kelly Holdings agreed to raise the necessary capital.

Placer's complaint alleges that after the mill construction began, Atlas and Kelly

Holdings abandoned the project, resulting in BHV becoming "completely non-

operational."  Currently, "BHV does not have a manager and it was  administratively

dissolved by the State of Idaho on December 20, 2016." *Complaint (Dkt. No. 1)* at ¶ 60.

Placer filed this action derivatively on behalf of BHV, seeking dissolution of BHV

and appointment of a receiver to wind down BHV's affairs and marshal its assets,

pursuant to the Idaho statutes governing judicial dissolution of business entities.  *See*

Idaho Code § 30-29-1432, § 30-25-701, and § 30-25-702.  Placer has sued Atlas and

Kelly Holdings, and has also named BHV as a nominal defendant.

About a year before Placer filed this action, Atlas filed a lawsuit against Placer in

Idaho state court for breach of contract, among other claims.  Atlas sought injunctive

relief prohibiting Placer from, among other things, transferring the Bunker Hill Mine to

third parties.  On June 9, 2017, the state court judge found Placer in contempt for

violating the injunction by attempting to lease the Mine.  *See Exhibit C to Mueller*

*Declaration (Dkt. No. 4-6).*  On May 1, 2018, Atlas filed a motion in the state court

action to appoint a receiver over both BHV and Placer, to stop Placer from removing

BHV's assets.  That motion is set for argument in mid-February 2019.

In the present case, Placer bases jurisdiction entirely on diversity.  Atlas has filed a

motion to dismiss arguing that diversity does not exist, and that even if it does, the Court

should abstain from taking jurisdiction pending resolution of the Idaho state court action.

# ANALYSIS

## Diversity Jurisdiction

Complete diversity of citizenship requires each plaintiff to be a citizen of a different state from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). It is undisputed that plaintiff Placer and nominal defendant BHV are citizens of Nevada. Therefore, diversity does not exist unless BHV is truly a nominal defendant: Diversity is not required between the plaintiff and a "nominal" defendant. *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1133 (9th Cir.2002). "A federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).

For the purposes of diversity, a nominal party is defined as one "who has some immaterial interest in the subject matter of a lawsuit and who will not be affected by any judgment." *Shears v. CitiMortgage, Inc.,* 2015 WL 4393915 at *2 (E.D. Cal. July 15, 2015). "Defendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder". See *Strotek*, 300 F.3d at 1133.

BHV is not operating and was administratively dissolved by the State of Idaho in 2016. Placer's complaint focuses on the alleged misconduct of Atlas and Kelly Holdings – not BHV – and has named BHV as a nominal defendant only to have it judicially dissolved and a receiver appointed to wind up its affairs.

In an almost identical action seeking to dissolve an LLC, a court held that the LLC was a nominal defendant. *Roskind v. Emigh*, 2007 WL 981725 (D. Nev. April 2, 2007).

In that case, plaintiff Roskind was a half-owner of Radix, an LLC. Roskind brought suit in federal court based on diversity against the other half-owner, Aaron Emigh, and included Radix as a nominal defendant. Roskind sought to dissolve Radix because the two owners could not agree how to proceed with Radix. Defendant Emigh argued that there was no diversity because the LLC and Roskind were both citizens of Nevada. These facts match the present case identically. In *Roskind,* the district court held that Radix was merely a nominal defendant whose citizenship would be ignored for diversity purposes:

> The real dispute in this case is between Roskind and Emigh over the dissolution and distribution of the assets of Radix. Radix is a necessary party to the dispute, but is only present to effectuate the relief sought by the parties. It has no stake in the controversy. Therefore, Radix is a nominal party and its citizenship should not be considered for diversity purposes. As such, the fact that Radix is technically a citizen of the same state as Plaintiff does not destroy the Court's subject matter jurisdiction in this case.

*Id.* at *3.

The same analysis applies here. The real dispute is between Placer and Atlas/Kelly Holdings. BHV is inactive and administratively closed by the State of Idaho, and is named only so that it can be judicially dissolved. Therefore, BHV is a nominal party and its citizenship will not be considered for diversity purposes. This portion of the motion to dismiss will be denied.

## Abstention

Atlas argues next that the Court should abstain from taking jurisdiction pending resolution of the case in the Idaho state court. There, the judge will be hearing argument

in mid-February of 2019 on a motion by Atlas to appoint a receiver over both BHV and Placer. Atlas wants the receiver to stop Placer's alleged misuse of BHV's assets.

That state court action is not a mirror-image of the present case – Atlas is not seeking to dissolve BHV. Atlas is proceeding under a different Idaho statutory scheme that is designed to protect the assets of the entity, not wind it down. But despite these differences, the appointment of a receiver in the state court action would have a substantial impact on this case: Once a receiver is appointed by the state court to protect the assets, how could this Court appoint a receiver to distribute those assets and dissolve BHV? The two receivers and the two courts would be in direct conflict. Moreover, it is important that the state court action was filed nearly a year before Placer filed this action.

These circumstances meet all the requirements for abstention. The Court recognizes that abstention "is the exception, not the rule." *Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 813 (1976). But the Court's description of the unique facts in this case compel a finding that it presents the rare circumstance where abstention is appropriate. Importantly, to recognize this Court's "virtually unflagging obligation . . . to exercise the jurisdiction given [it]," the Court will not dismiss this case but merely stay it, and the stay will be narrowly tailored to last only until the motion for receiver is resolved by the Idaho state court. *Id.* at 817.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (docket no. 4) is GRANTED IN PART AND DENIED IN PART. It is granted to the

extent it seeks a STAY pending resolution of the motion for receiver in the Idaho court action *Atlas v. Placer,* Case No. CV01-17-03885.  It is denied in all other respects.

DATED: February 1, 2019

B. Lynn Winmill
U.S. District Court Judge